# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES BOYLE, SR.,** on behalf of himself and others similarly situated | : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY** | : : | **NO. 09-5515** |

## ORDER

**NOW**, this 7th day of June, 2018, upon consideration of the Plaintiff's Amended Motion for Class Certification (Document No. 101), Plaintiff's Motion to Supplement the Record (Doc. No. 112), Plaintiff's Supplemental Chart and Compendium of Source Information (Doc. Nos. 138-1, 139), Progressive's responses, and consistent with the Memorandum Opinion of June 7, 2018, it is **ORDERED** that the motion for class certification is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. No later than **June 25, 2018**, the plaintiff shall amend the Chart of Qualifying Vehicles (Doc. No. 138-1) consistent with the Memorandum Opinion filed on this date.

2. This action is certified as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the following class:

> All persons who, from November 19, 2005 through June 7, 2018, had a policy of automobile insurance issued in Pennsylvania by Progressive Specialty Insurance Company that included comprehensive insurance coverage, and did not receive at least a ten-percent antitheft device discount on the comprehensive portion of the paid premium, and who insured a make, model and year vehicle that has as standard equipment a Pass-Key or PassLock system, SecuriLock/ PATS system, Sentry Key Immobilizer System, Nissan

Vehicle Immobilizer System, or Mercedes Immobilizer system, as identified on the Amended Chart of Qualifying Vehicles.

3. The class, as defined in the preceding paragraph, is **CERTIFIED** for resolution of the claims asserted in Count I of the Amended Class Action Complaint for violation of the antitheft device discount provision of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. Ann. § 1799.1, and in Count II for breach of implied contract.

4. The following factual and legal issues are appropriate for class treatment:

a. whether 75 Pa. Cons. Stat. Ann. § 1799.1 mandates that Progressive give a ten percent discount on the premium for comprehensive coverage to all of its insureds whose vehicles are equipped with antitheft devices qualifying as "passive" as defined in § 1799.1(b) ("passive antitheft device discount"), even if they did not request it;

b. whether Progressive violated § 1799.1 when it failed to give the passive antitheft device discount to its insureds whose vehicles were equipped with antitheft devices qualifying as "passive" as defined in § 1799.1(b) ("qualifying devices");

c. whether Progressive breached the implied terms of its insurance contracts with its insureds when it failed to give the passive antitheft device discount to its insureds whose vehicles were equipped with qualifying devices;

d. whether Progressive breached the implied terms of its insurance contracts with its insureds when it failed to give the passive antitheft device discount to its insureds whose vehicles were equipped with passive antitheft devices as defined in Progressive's rate filings with the Pennsylvania Insurance Commissioner;

e. identifying the antitheft devices that qualify as "passive" as defined in § 1799.1(b) ("qualifying devices");

f. identifying vehicles that have a "qualifying device" installed as manufacturer's standard equipment;

g. identifying Progressive's insureds who had comprehensive insurance coverage on a vehicle registered in Pennsylvania containing a qualifying device from November 19, 2005 through June 7, 2018;

h. identifying those insureds in paragraph 4(g) who did not receive the passive antitheft device discount; and

i. determining the amount of damages that the insureds identified in paragraph 4(h) are entitled to recover.

5. As explained below, the prerequisites to a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied.

6. During the class period, Progressive insured hundreds of thousands of vehicles in Pennsylvania for comprehensive loss that did not receive the antitheft device discount. Therefore, the class satisfies the numerosity requirement of Rule 23(a)(1).

7. All class members have the following dispositive issues in common, satisfying the commonality requirement of Rule 23(a)(2):

a. whether § 1799.1 mandates that Progressive give the passive antitheft device discount to its insureds whose vehicles are equipped with a qualifying device, even if they did not request it;

b. whether Progressive violated the antitheft device discount statute when it failed to give the passive antitheft device discount to its insureds whose vehicles were equipped with a qualifying device;

c. whether Progressive breached the implied terms of its insurance contracts with its insureds when it failed to give the passive antitheft device discount to its insureds whose vehicles were equipped with qualifying devices;

d. whether Progressive breached the implied terms of its insurance contracts with its insureds when it failed to give the passive antitheft device discount to its insureds whose vehicles were equipped with a passive antitheft device as defined in Progressive's rate filings with the Pennsylvania Insurance Commissioner;

e. which antitheft devices are qualifying devices; and,

f. which vehicles have a "qualifying device" installed as manufacturer's standard equipment.

8. Boyle claims that he insured two vehicles for comprehensive insurance coverage, both of which contained a qualifying device as standard equipment, but that Progressive did not give him a passive antitheft device discount for those vehicles even though they qualified for it. His claims arise from the same course of conduct that give rise to the claims of the class members and are based on the same legal theories. Because Boyle's claims are typical of the class, the typicality requirement of Rule 23(a)(3) has been satisfied.

9. There are no conflicts or divergent interests between Boyle and the class members, and protecting his interest necessarily protects their interests. Nothing will

impair his ability to adequately protect the interests of the absent class members. Therefore, the class representative's adequacy under Rule 23(a)(4) has been satisfied.

10. Counsel meet the adequacy of counsel requirement. They are qualified to represent the class, and will fairly and adequately represent the class members' interests. They are experienced in handling class actions and have demonstrated their expertise and comprehensive knowledge of the law and the facts in the handling of this case and the related cases through class certification and settlement. Therefore, the adequacy of representation requirement of Rule 23(a)(4) is satisfied.

11. Certification under Rule 23(b)(3) requires that common questions of law or fact predominate over questions affecting only individual class members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

12. Boyle's claim and that of the class members is that they were entitled to the passive antitheft device discount and Progressive did not give it to them. The elements of the claim are: (1) the class members insured a vehicle equipped with a passive antitheft device for comprehensive loss; (2) the device qualified under the statute for a discount; and (3) Progressive did not give them the discount. Each of these elements can be established by common proof, and the evidence entitling Boyle to relief is the same evidence applicable to the class members.

13. The Chart of Qualifying Vehicles identifies which vehicles contain, as standard equipment, a qualifying device. No examination of class members' individual vehicles or the individual antitheft device in each vehicle is required. The only question affecting individual class members is the amount of the discount that Progressive failed to

pay each class member.  However, this calculation is simple because it is ten percent of the comprehensive coverage premium that the insured paid in each year during the class period.  Therefore, common questions of law and fact predominate over questions affecting only individual class members.

14. Because individual class members are not likely to recover more than one hundred dollars in this action, the cost of litigation would far exceed any potential recovery, discouraging or impeding any individual from seeking relief.  There is no forum where an individual could pursue a claim against Progressive.  Thus, proceeding as a class action is superior to other methods available to adjudicate this case fairly and efficiently.

15. Ascertaining class members can be done using objective criteria and a reliable and administratively feasible mechanism.

16. The criteria for class membership are objective.  To be included in the class, the member must have been a policyholder of Progressive during the class period who insured a vehicle registered in Pennsylvania for comprehensive loss that contains a qualifying device, and did not receive the passive antitheft device discount.

17. There is a reliable and administratively feasible mechanism for determining whether class members fall within the class definition.  Class members can be identified by matching Progressive's database with the Chart of Qualifying Vehicles. This process is reliable because the Chart is based on manufacturer sources.

18. Plaintiff James Boyle, Sr. is certified as the Class Representative.

19. Pursuant to Fed. R. Civ. P. 23(g), Ira Neil Richards and Arleigh P. Helfer, III of Schnader Harrison Segal & Lewis LLP, and Joseph E. Mariotti of Caputo & Mariotti,

P.C., are appointed as Class Counsel.

20. No later than **June 18, 2018**, counsel for the plaintiff and the defendant shall meet and confer to propose a joint form and protocol for providing appropriate notice to the Class.

21. No later than **June 25, 2018**, counsel for the plaintiff and the defendant shall file a joint motion for approval of a form and protocol for notice to the Class.

 /s/TIMOTHY J. SAVAGE