# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES BOYLE, SR., on behalf of** | : | **CIVIL ACTION** |
| **himself and others similarly situated** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PROGRESSIVE SPECIALTY** | : | |
| **INSURANCE COMPANY** | : | **NO. 09-5515** |

## FINDINGS OF FACT
## AND
## CONCLUSIONS OF LAW

**NOW**, this 6th day of February, 2020, upon consideration of the Motion for Final Approval of Class Settlement (Document No. 220) and Joint Petition for Award of Attorneys' Fees and Expenses, and for Incentive Award for Class Representative (Document No. 218), and after hearings on July 9, 2019 and October 22, 2019, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On July 9, 2019, the proposed settlement was preliminarily approved.

2. The Settlement Class as defined in the Order of July 9, 2019, includes all Progressive Specialty Insurance Company ("Progressive") personal automobile policyholders in Pennsylvania who, at any point during the Class Period of November 19, 2005 to December 31, 2018: (a) had a policy of automobile insurance that included comprehensive insurance coverage; (b) insured a make, model and year vehicle that has as standard equipment a Pass-Key or PassLock system, SecuriLock/ PATS system, Sentry Key Immobilizer System, Nissan Vehicle Immobilizer System, or Mercedes

Immobilizer system as identified on the Chart of Qualifying Vehicles[1]; and (c) did not receive a 10% discount on the comprehensive portion of the paid premium.

3. Excluded from the Settlement Class are the eleven individuals listed on the Complete List of Exclusions[2] who timely requested exclusion from the Settlement Class.

4. Plaintiff James Boyle, Sr., the appointed Class Representative, has fairly and adequately protected the interests of the Settlement Class.

5. Ira Neil Richards and Arleigh P. Helfer, III of Schnader Harrison Segal & Lewis LLP and Joseph E. Mariotti and Christopher P. Caputo of Caputo & Mariotti, P.C., the appointed Class Counsel, have adequately represented the Settlement Class.

6. Ira Neil Richards, the appointed Lead Counsel, has adequately represented the Settlement Class.

7. Notice of the proposed settlement was provided to Class Members in compliance with the July 9, 2019 Order by RSM US LLP, which was appointed Settlement Administrator.

8. Notice of the October 22, 2019 hearing to determine: (a) whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b); (b) whether the settlement of this action on the terms and conditions set forth in the Settlement Agreement (Document No. 210-2) should be finally approved as fair, reasonable and adequate; (c) whether final approval should be granted; (d) the amount of attorneys' fees and expenses to be awarded to Class Counsel; and (e) whether a final

---

[1] *See* Doc. No. 215 at ECF 14-84.

[2] *See* Doc. No. 221 at ECF 4.

order and judgment should be entered dismissing the claims of the Settlement Class with prejudice, was mailed to all Class Members.

9. Notice of the proposed settlement constituted the best notice practicable under the circumstances, and included notice to all members who could be identified through reasonable efforts.

10. Notice of the proposed settlement was mailed by Progressive to the appropriate federal and state officials in compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (the "CAFA Notice").

11. There are over 150,000 Class Members.

12. Class members were given the option of excluding themselves from the class by submitting a notice requesting exclusion to the Settlement Administrator no later than September 27, 2019.

13. Eleven individuals have timely requested exclusion from the Settlement Class.

14. The deadline for serving written objections to the settlement and/or to the request by Class Counsel for an award of attorneys' fees and out-of-pocket expenses was September 27, 2019.

15. No Class Member has objected to the proposed settlement or the award of attorneys' fees and expenses.

16. Investigation, substantial discovery, litigating motions for summary judgment and a motion for class certification, and extensive settlement negotiations have taken place at substantial expense to the parties.

17. If this settlement is not approved, there will be expensive future litigation.

18. On October 22, 2019, pursuant to Fed. R. Civ. P. 23(e), a final approval hearing was held.

19. The only persons appearing at the October 22, 2019 hearing were Class Counsel and defense counsel.

**The Settlement**

20. The settlement terms were reached after Class Counsel: (a) conducted a substantial investigation of Progressive's practices; (b) filed a complaint alleging that Progressive violated the MVFRL and breached the terms of its insurance contracts with Pennsylvania insureds by overcharging the plaintiff and other Pennsylvania insureds for automobile insurance; (c) engaged in extensive discovery; (d) litigated motions for summary judgment; (e) litigated a motion for class certification; and (f) engaged in extensive settlement negotiations. These actions resulted in an understanding of the strengths and weaknesses of the claims and Progressive's potential defenses, enabling counsel to make an informed decision that the proposed settlement is fair, adequate and reasonable, and in the best interests of the settlement class.

21. Settlement negotiations took place over the course of the litigation in arms' length discussions and with the assistance of a magistrate judge and two mediators.

22. The Settlement Agreement, which was entered on June 10, 2019, was the product of careful and informed analysis by all parties, taking into consideration the respective strengths and weaknesses of the parties' positions.

23. The parties have been and are represented by counsel experienced in class actions, complex commercial matters and consumer litigation in the federal courts.

24. Progressive has challenged the claims on legal grounds that raise a potential finding of no liability.

25. The parties genuinely believe there are inherent risks in proceeding to trial.

26. Settlement will avoid delay in realizing a benefit for the affected Class Members, will avoid unnecessary litigation costs and will eliminate uncertainty.

27. The absence of objections to the settlement demonstrates support for the approval of this settlement as fair and reasonable.

28. The settlement provides significant relief, which directly responds to the challenged conduct and provides relief to a large group of people with modest individual claims who could not practically seek redress on an individual basis.

29. The Settlement Agreement requires Progressive to pay the Gross Settlement Amount of two million dollars ($2,000,000.00). Settlement Class Members entitled to a distribution will be paid a *pro rata* share[3] of the Net Settlement Fund, which is the Gross Settlement Amount less the costs of administration and notice, any class representative incentive award, and any award for attorneys' fees and expenses.

30. All current Policyholder Class Members will automatically receive a share of the Net Settlement Fund, and former Policyholder Class Members will receive a share of the Net Settlement Fund if they return an "Address Verification Form" to the Settlement Administrator.

31. The Settlement Agreement also requires Progressive to provide prospective relief for two years by applying the antitheft device discount to all policies

---

[3] The *pro rata* amount will be based on the Class Member's comprehensive insurance premiums paid on the eligible policies during the class period.

5

insuring vehicles listed on the Chart of Qualifying Vehicles or in the database that Progressive may establish pursuant to the terms of the Settlement Agreement.

32. The Settlement Agreement does not grant preferential treatment to the Class Representatives or segments of the class.

### Class Counsel's Request for Award of Attorneys' Fees and Expenses and for Class Representative Service Award

33. Class Counsel undertook prosecution of this matter on a contingent basis and incurred expenses in its prosecution.

34. Class Counsel has applied for an attorneys' fees award in the amount of $666,667.00, which is 33% of the Gross Settlement Amount, and for payment of out-of-pocket expenses in the amount of $56,582.69.

35. Notice of Class Counsel's intention to apply for an attorneys' fees and expenses award in this amount was provided to all Class Members in the Notice of the proposed settlement.

36. There have been no objections to the requested award of attorneys' fees and expenses.

37. The Class Representative approves of Class Counsel's request for attorneys' fees and expenses.

38. Progressive does not oppose Class Counsel's request for attorneys' fees and expenses.

39. At substantial expense, Class Counsel conducted a thorough investigation of Progressive's practices, engaged in extensive discovery, litigated motions for summary judgment and a motion for class certification, and engaged in extensive settlement negotiations.

40. The requested counsel fee award in the amount of $666,667.00, which is 33% of the Gross Settlement, is below fee awards commonly awarded in similar cases, which range from 19% to 45% of the settlement fund.[4]

41. The counsel fees requested are reasonable.

42. The out-of-pocket expenses incurred were reasonable and necessary.

43. Using the lodestar method as a cross-check on the reasonableness of the requested fees, Class Counsel's lodestar is $1,546,887.00, which reflects over 2400 hours of attorney and paralegal time.

44. Given the nature of the services provided, Class Counsel's experience in consumer class action cases and the rates of other lawyers in the community with similar skills and experience, Class Counsel's hourly rate is reasonable.

45. The number of hours expended by Class Counsel was not excessive or redundant, and the work was properly allocated among attorneys and paralegals of different skill and experience levels to reduce costs.

46. Class Counsel's requested award for attorneys' fees in the amount of $666,667.00 results in a multiplier of .431, which is reasonable.[5]

47. Class Counsel has applied for a $5,000.00 incentive award to the Class Representative.

48. Class Counsel's intention to apply for a class representative incentive award was provided to all Class Members in the notice of the proposed settlement.

---

[4] *See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 736 (3d Cir. 2001) (citation omitted).

[5] *See Cendant Corp. PRIDES*, 243 F.3d at 742 (quoting *In re Prudential*, 148 F.3d 283, 341 (3d Cir. 1998) ("'Multipliers ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.'")).

49. There have been no objections to the requested incentive award.

50. The incentive award requested is reasonable.

## CONCLUSIONS OF LAW

### Final Approval of the Settlement

1. The settlement of a class action requires Court approval after notice to all members of the class. *See* Fed. R. Civ. P. 23(e).

2. The settlement comports with Rules 23(a) and 23(b)(3) in all respects.

3. The nine factors to be considered in assessing the fairness of a class action settlement are: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 322 & n.2 (3d Cir. 2019) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

4. In light of these factors, the settlement is fair, reasonable and adequate.

**Approval of Class Counsel's Request for Award of Attorneys' Fees and Expenses**

5. An award for attorneys' fees and expenses in the settlement of a class action requires court approval after notice to all class members in a reasonable manner. *See* Fed. R. Civ. P. 23(h).

6. Notice of Class Counsel's intention to apply for an award of attorneys' fees and expenses has been provided to all persons in the class in a reasonable manner and satisfies the requirements of Federal Rule of Civil Procedure 23(h)(1).

7. The court may award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

8. To evaluate what is an appropriate attorneys' fee in a class action, courts generally apply either the lodestar method or the percentage-of-recovery method. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 279-80 (3d Cir. 2009).

9. Attorneys who create a settlement fund of benefits for class members by virtue of their efforts are entitled to be compensated for their services from that fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

10. The percentage of recovery method "is generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *Ins. Brokerage*, 579 F.3d at 280 (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005)).

11. Regardless of the method chosen, it is prudent to use a second method of fee approval to cross-check the initial fee calculation. *Rite Aid*, 396 F.3d at 300; *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 & n.40 (3d Cir. 1995).

12. In evaluating a counsel fee request using the percentage-of-recovery method, the following factors are considered: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the

skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Class Counsel; and (7) awards in similar cases. *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). Additionally, "(8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement" should be considered. *Halley*, 861 F.3d at 496 (citing *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009)).

13. The lodestar method calculates fees by multiplying the number of hours reasonably worked by an appropriate hourly rate based on the given geographical area, the nature of the services provided, and the experience of the attorneys. *Rite Aid*, 396 F.3d at 305. The number of hours expended should not be excessive or redundant, and should be appropriately allocated among attorneys and other staff with the proper skill level to reduce costs. *Hensley v. Eckerhart*, 461 U.S. 433-34 (1983).

14. After determining the lodestar, we calculate the "multiplier" by dividing the proposed fee award by the resulting lodestar.

15. Applying both the percentage-of-recovery and lodestar methods, Class Counsel's request for an award of $666,667.00 for attorneys' fees and $56,582.69 for out-of-pocket expenses is fair and reasonable.

/s/ Timothy J. Savage  
TIMOTHY J. SAVAGE, J.